WRIGHT, J.
The statute (29 O. L. 189) empowers justices of the peace to receive money after suit, either when collected by the constable, or paid in by the party, and subjects the justice to a penalty for refusing to pay money received by him as such. The question we are now called to decide is this: where a note not yet at maturity is left with a justice to be sued if not paid, and the money is paid to him before the note becomes due, does the justice receive the money in his official capacity? A justice may receive *761 demands which are due to put in suit or collect, and may receive the money without suit; but in anticipation of the debtor’s becoming liable he has no power as a justice to collect the money. If he receive an obligation to collect and receive the money before it falls due, he acts in that behalf as the agent of the holder, not as. the agent of law. The paying over money l-eceived by him in his •official capacity is'secured by his official bond; that received as the agent of t-he creditor, he is liable for as other individuals are. The fourth plea to the scire facias sets up a good bar to the writ, and the demurrer thereto should have been overruled.
But it is claimed that the litigation on that question was put at rest by the judgment against the justice, and could not be opened on the scire facias to make the security party. The case of Brazee v. Carrol, et al. 5 O. 344, was cited as settling this point. The ■case referred to expressly decides that on a scire facias against ■the surety, he may look back of the judgment against the principal. Indeed it is a fundamental maxim, that no one can be obnoxious to a judgment without day in court. The object of the scire facias is to bring the security in, to give him day in court; and when in, Is he to be told that he cannot litigate his liability, because his principal has concluded him ? We think not. The case does not go the length supposed. It only decides that if the security is ■liable on his bond, he is liable for the amount recovered of his principal in the controversy between him and the party claiming ■the money.
2. The court erred also in rendering the judgment against Stevens after verdict, as if in default, because he did not pay the jury fee. The statute (29 O. L. 225) provides that the jury fee shall be paid by the winning party, before the verdict is recorded. It is directory to the court to require the payment before the verdict is recorded. But what is the consequence of the court’s neglect? The law imposes no penalty. If the court order the money paid *and it is refused, the entry of the verdict may be stayed, [735 •or if entered, vacated. So, probably, the court might order the payment, and if not made, attach the delinquent for disobedience; but the court is not authorized, on such refusal, to render judgment as by default. In this case the jury fee was not paid, and court not only entered the verdict, but judgment. When the impi'ov-ident entry was vacated, the whole power of the court to deprive the party of the benefit of the verdict was resumed, but it !had no power to render a judgment against him in the case, as if In default.
The judgment is reversed.
*762 [Jury fee collectable by attachment; Robinson v. Kious, 4 O. S. 593, 597.]